# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
April 22, 2011

No. 10-40954
Summary Calendar

Lyle W. Cayce
Clerk

ARTHUR LOWE,

Plaintiff-Appellant

v.

JACOB A. RICHARDSON,

Defendant-Appellee

Appeals from the United States District Court
for the Eastern District of Texas
USDC No. 6:10-CV-310

Before DAVIS, SMITH and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Arthur Lowe, Texas prisoner # 669750, seeks leave to proceed in forma pauperis (IFP) on appeal of the district court's dismissal of his civil action as frivolous and for failure to state a claim upon which relief may be granted. By moving for leave to proceed IFP, Lowe is challenging the district court's certification that his appeal is not taken in good faith because it is frivolous. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997); 28 U.S.C. § 1915(a)(3); FED. R. APP. P. 24(a)(5).

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 10-40954

Lowe argues that the sack meals he was given during a lock down were too cold to be eaten, depriving him of food in violation of the Eighth Amendment. He contends that the sack meals violated Texas Department of Criminal Justice, Correctional Institutions Division (TDCJ-CID) policy because they were not wholesome and nutritious.  He asserts that his weight gain, reflected by his weight of 227 pounds after the lock down ended, does not disprove his claims because he was weighed six days after the lock down ended, and he ate more than he normally did during that time.  Lowe maintains that the refrigerating of the sack meals at temperatures below 40 degrees violated TDCJ-CID policy because TDCJ-CID policy did not require that the sack meals be stored at temperatures that low.

Although Lowe alleged that the sack meals he received during the lock down were so cold that they were inedible, he acknowledged that the meals were not frozen.  Furthermore, Lowe admitted that he did eat some of the cold meals that were provided.  Lowe did not allege that the sack meals were nutritionally inadequate, only that they were too cold.  As Lowe alleged only that the meals were served too cold, not that they were nutritionally insufficient, his complaint did not state a constitutional claim.  *See Eason v. Thaler*, 73 F.3d 1322, 1327 (5th Cir. 1996).

Lowe's appeal is without arguable merit and is frivolous.  *See Howard v. King*, 707 F.2d 215, 219-20 (5th Cir. 1983).  The IFP motion is denied, and the appeal is dismissed.  *See Baugh*, 117 F.3d at 202; 5TH CIR. R. 42.2.

Lowe is cautioned that the dismissal of this appeal as frivolous and the district court's dismissal of the complaint both count as strikes under § 1915(g). *See Adepegba v. Hammons*, 103 F.3d 383, 387-88 (5th Cir. 1996).  He is cautioned that if he accumulates three strikes under § 1915(g), he will be unable to proceed in forma pauperis in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury.  *See* § 1915(g).

No. 10-40954

IFP MOTION DENIED; APPEAL DISMISSED; SANCTION WARNING ISSUED.